# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ATROPIN PALMER,　　　　　　　　　　Case No. 1:14-cv-805
　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　Beckwith, J.
　　vs.　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN CRUTCHFIELD,　　　　　　　**REPORT AND**
　　　　Defendant.　　　　　　　　　**RECOMMENDATION**

　　　　Plaintiff, a resident of Steubenville, Ohio and former inmate at the Warren Correctional Institution (WCI), brings this action pro se pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.　By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.　This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.　*See* 28 U.S.C. § 1915(e)(2)(B).

　　　　In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).　To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.　*Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i).　A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.　*Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).　An action has no

1

arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation

of a legal interest which clearly does not exist.   *Neitzke,* 490 U.S. at 327.   An action has no

arguable factual basis when the allegations are delusional or rise to the level of the irrational or

"wholly incredible."   *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a

claim upon which relief may be granted.   28 U.S.C. § 1915(e)(2)(B)(ii).   Plaintiff's complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."   *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all

well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation."   *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).   While a complaint need not contain "detailed factual allegations," it must provide "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678

(citing *Twombly*, 550 U.S. at 555).   A pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Nor does a

complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."   *Id.* at

557.

Plaintiff, who is proceeding pro se, alleges that on April 23, 2014 at WCI "someone came

from behind and hit me in the back of my head."   (Complaint p. 3, Doc. 1 at PageID 6).   Plaintiff

claims that he was knocked unconscious and taken by ambulance to the Ohio Medical Center to

treat the head injury.   Plaintiff alleges that the correctional officer(s) were not positioned as

2

required under the WCI security procedures and policies, which would have enabled them "to see or ca[tch] who had hit Palmer in the back of his head."   (*Id.*).   On this basis, plaintiff claims the officers were reckless.

Although he does not name Nurse Whitaker as defendant in this matter, he claims she denied him proper medical care.   (*Id.* at PageID 7).   Plaintiff notes that he was treated at the Ohio Medical Center for two weeks after the assault, returning to WCI on May 6, 2014.   As a result of the injury, plaintiff indicates he suffered from dizziness, difficulty thinking, and headaches.   (*Id.* at PageID 7).   On May 8, 2014, he was seen by a nurse (presumably Nurse Whitaker) and a physical therapist and was issued a therapeutic walker in connection with the injury.   (*Id.* at PageID 7, 10).   Plaintiff claims that from May 6 through May 12, 2014 he attempted to see the doctor to get pain medication to treat his headaches.   (*Id.*).   As an attachment to the complaint, plaintiff includes a May 12, 2014 request for a "sick-call-form," indicating that he was not provided with anything to treat his dizziness, lightheadedness, or headaches.   He claims that the nurses made this decision without consulting the head doctor from the Ohio Medical Center.   (*Id.* at PageID 10).   Plaintiff was advised to ask his block officer for a health services request form.

Plaintiff subsequently filed an institutional grievance concerning the attack and his safety. (*See id.* at PageID 4, 16).   On September 17, 2014, plaintiff's grievance was denied because he was released under the status of Post Release Control and, according to the correspondence from the WCI Institutional Inspector, he was therefore not eligible to utilize the inmate grievance process.   (*Id.* at PageID 19).

For relief, plaintiff seeks monetary damages from the two unnamed correctional officers,

3

"the Major," the Institutional Inspector, and the Ohio Department of Rehabilitation and Correction.   (*Id.* at PageID 9).

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.   As an initial matter, the only named defendant in this action is Warden Crutchfield.  However, plaintiff has made no allegation whatsoever that defendant Warden Crutchfield was involved in the incident, nor can the Court reasonably infer that he otherwise violated plaintiff's constitutional rights.   To the extent the complaint names Crutchfield as a defendant because of his supervisory position in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability.   *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).   "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees."   *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).   Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act.   *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).   The mere fact that defendant Crutchfield is the Warden at WCI is not enough to impose liability on him under section 1983.  Therefore, plaintiff's section 1983 claims against defendant Crutchfield should be dismissed.

Plaintiff indicates that he intends to add additional defendants in this action.  Specifically, he claims that he has attempted to discover the names of the two correctional officers allegedly involved in the attack.   However, to the extent that plaintiff intends to hold these individuals liable for their failure to follow WCI policies, he has failed to state a claim upon which relief may be granted.   In order to maintain an action under 42 U.S.C. § 1983, which provides a civil remedy for constitutional rights violations, plaintiff must allege that the

4

defendants acted under color of state law and that their conduct deprived plaintiff of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).  Plaintiff's claims seeking to hold the unnamed correctional officers liable for violations of prison protocols and/or policy fail to allege conduct depriving him of a constitutional right.

Plaintiff has also failed to state a failure to protect claim against these individuals.  To state an Eighth Amendment claim against prison officials based on their failure to protect him from an attack, plaintiff must allege facts showing that these individuals' conduct amounted to "deliberate indifference" to a known risk of harm to plaintiff.  *Farmer v. Brennan,* 511 U.S. 825, 828 (1994).  A prison official may be held liable for his failure to protect inmates from attacks only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer,* 511 U.S. at 847.  Plaintiff's complaint fails to allege any facts showing that the unnamed correctional officer defendants or any other staff member was aware of a threat to plaintiff's safety, yet failed to take reasonable actions to prevent the assault.   In fact, it appears that plaintiff would base his claim for relief against these individuals on the fact that they were unable to see or catch the individual who attacked plaintiff.   In the absence of allegations that the officers knew of a risk to plaintiff's safety, the complaint fails to state a claim for relief under the Eighth Amendment.

As noted above, plaintiff also appears to assert a claim against Nurse Whitaker for failure to provide him with adequate medical care.   This claim should also be dismissed.   The complaint indicates that plaintiff received medical treatment in connection with the incident.   To

5

the extent that plaintiff disagrees with their diagnosis or otherwise claims that the nurses at WCI provided insufficient treatment, he has failed to state a claim for relief.   "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law."  *Westlake Lucas*, 537 F.2d 857, 860–61 n.5 (6th Cir. 1976); *see also Thomas v. Rochell,* 47 F. App'x 315, 317 (6th Cir. 2002) (holding that a "prisoner has no remedy under § 1983 to pursue tort" and medical malpractice claims against prison doctors). Furthermore, it is well-settled that allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983.  *Estelle*, 429 U.S. at 106; *Byrd v. Wilson*, 701 F.2d 592, 595 n.2 (6th Cir. 1983); *Westlake*, 537 F.2d at 860 n.5.   Therefore, any claim against Nurse Whitaker relating to the adequacy of his medical treatment should be dismissed.

To the extent that plaintiff complains about the inmate grievance procedure at WCI, the complaint fails to state a claim for which relief may be granted because plaintiff has no federal constitutional right to an effective prison grievance procedure.  *See, e.g., Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11-cv-362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Report and Recommendation) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) ; *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per

curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and

cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3

(6th Cir. June 14, 2000)).

Finally, in the relief section of the complaint, plaintiff seeks relief against the Ohio

Department of Correction, "the Major," and the Institutional Inspector. These claims should also

be dismissed. A department of corrections is not a "person" subject to suit under 42 U.S.C. § 1983.

*See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003). Furthermore,

the complaint includes no factual allegations against the Major or the Institutional Inspector

suggesting that these individual violated his constitutional rights.

Accordingly, plaintiff's complaint should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** on the ground that the complaint fails to state a

claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of

any Order adopting this Report and Recommendation would not be taken in good faith and

therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to

proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803

(6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir.

1997).


   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ATROPIN PALMER,                                        Case No. 1:14-cv-805
     Plaintiff,

                                             Beckwith, J.
     vs.                                                 Bowman, M.J.

WARDEN CRUTCHFIELD,
     Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).